IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARK ERIC CRESONG, | : | |
| Petitioner | : | |
| VS. | : | |
| STATE OF GEORGIA, | : | NO. 7:11-cv-108 (HL) |
| Respondent | : | **O R D E R** |

Petitioner **MARK ERIC CRESONG**, presently confined at the Lowndes County Jail, has filed a petition for writ of habeas corpus on this Court's 28 U.S.C. § 2254 form.

Petitioner states that he pled guilty to forgery in the second degree on February 8, 2011, in the Superior Court of Lowndes County, for which he received a five-year sentence. Among other allegations, Petitioner complains that his guilty plea is invalid because of ineffective assistance of counsel. Petitioner has filed a motion for out-of-time appeal in the Superior Court of Lowndes County, which is apparently still pending; Petitioner indicates that he has not filed a state habeas action.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court

remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

It is clear that Petitioner has not presented his claim to the "state's highest court, either on direct appeal or on collateral review." *Mason*, 605 F.3d at 1119. Instead, he has merely filed a motion for leave to file an out-of-time appeal, which does not satisfy the exhaustion requirement. Even if Petitioner's motion is denied, he may file a state habeas corpus action. If Petitioner receives an adverse result from that petition, exhaustion further requires that he file an application for a certificate of probable cause to appeal with the Georgia Supreme Court. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir.2004) (per curiam). Until Petitioner completes this process, his federal habeas petition is premature.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1]

Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong.  Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of appealability.

**SO ORDERED**, this 23rd day of August, 2011.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

[1]  Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.  *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.